IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEVETTE WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 19-cv-01022-CRB<br><br>**ORDER GRANTING OAKLAND UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS AND DENYING CITY OF OAKLAND'S MOTION TO DISMISS** |

Jason Levette Washington alleges that Oakland Unified School District ("OUSD"), various OUSD employees, and the City of Oakland ("Oakland") violated his constitutional rights by interfering with his religious expression outside of an OUSD school. Both OUSD and Oakland have moved to dismiss. OUSD's motion is granted, but Oakland's motion is denied.

## I. BACKGROUND

The morning of February 22, 2019, Washington arrived at Horace Mann Elementary to "do Christian-themed chalk art upon the public easement outside the school property." FAC (dkt. 40) ¶ 12. At the time, Oakland teachers were on strike and congregated near the entrance of the school. Id. ¶ 13. Washington "went near the corner of the block away from the picket line, and continued his weekly routine with the chalk art, writing bible scriptures and words entailing core principals of the Christian faith." Id. ¶ 15.

That morning two groups of teachers said "disparaging things to" Washington. Id. ¶ 16. He also alleges that the defendant identified as "Doe 1" "verbally antagonize[d] and harass[ed]" him, id. ¶ 19, intentionally walked into him, "pressing her thighs into his upper body and head while he was stooped," id. ¶ 19, kicked over a phone with which he was recording the incident, id.

¶ 23, and "propagat[ed] misinformation and claim[ed] [Washington] was painting on the sidewalk," id. ¶ 22.

Similarly, Washington alleges that on August 7, 2019, employees of OUSD "verbally berate[d]" him, including by calling him "stupid," and erased his chalk art from the sidewalk. Id. ¶¶ 26–30.

Additionally, "from January to August 2019 OUSD Police Officers . . . would while on duty and in uniform, come and harass, question, interrogate, impede and interfere with [Washington] while he was engaged in . . . religious expression." Id. ¶ 31. In particular, Washington identifies a January 29, 2019 incident in which OUSD officers "threatened that if [Washington] did not depart, they would 'cite' him," accused him of spitting at their shoes, "question[ed] his Christianity," and "discourage[d] [Washington's] religious expression." Id. ¶¶ 32, 41. Washington also claims that he asked "Sergeant Fregoso the supervising officer over OUSD Police personnel . . . to stop these unconstitutional harassments" but that Fregoso "neglected to do so." Id. ¶ 33.

The First Amended Complaint ("FAC") includes additional allegations that Oakland violated Washington's constitutional rights. According to the FAC, two Oakland police officers "attempted to interrogate" Washington about who was attending a Team Jesus Youth Ministries event. Id. ¶¶ 34–39. Oakland later fined "him over $500 for what they alleged was [a] violation of a public nuisance ordinance" in connection with this incident. Id. ¶ 42.

Both Oakland and OUSD have filed motions to dismiss. See generally Oakland MTD (dkt. 28); OUSD MTD (dkt. 30). Washington opposed OUSD's motion, see generally Opp'n to OUSD Mot. (dkt. 36), and promised to file an amended complaint in response to Oakland's motion, see generally Response to Oakland's Mot. (dkt. 37). He subsequently filed the FAC, which alleges that multiple defendants (OUSD, Oakland, and assorted OUSD and Oakland employees) violated his constitutional rights and multiple state laws. See FAC at 11–26. The Court accepts the FAC as the operative complaint for purposes of ruling on the instant motions to dismiss.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. When evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

If a court does dismiss a complaint for failure to state a claim, it should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court nevertheless has discretion to "deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Under Federal Rule of Civil Procedure 4(m), defendants must be served within ninety days of filing of the complaint. If a defendant is not served within ninety days the court may, in its discretion, either "dismiss the action without prejudice against that defendant" or "extend the time period" for service. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m)).

3

## III. DISCUSSION

### A. OUSD's Motion to Dismiss

#### 1. Failure to Timely Serve Summons

OUSD asserts that Washington's action should be dismissed because it was not served until 129 days after the Complaint was filed. OUSD MTD at 5. This argument misreads Rule 4(m). Failure to timely serve a defendant does not require dismissal with prejudice. Fed. R. Civ. P. 4(m). In fact, Rule 4(m) only allows dismissal without prejudice. Id. At this point, OUSD has been served, see OUSD Summons (dkt. 12), so it would be senseless to dismiss without prejudice, only for Washington to refile his complaint and reserve them in a timelier manner. Instead, the Court will exercise its discretion to extend the time for service rather than dismissing on these grounds. Sheehan, 253 F.3d at 512; see also Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." (internal quotation marks and citations omitted)).

#### 2. 18 U.S.C. § 241

Section 241 is a "criminal provision[ ] . . . [that] provide[s] no basis for civil liability." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Washington's claims under 18 U.S.C. § 241 are therefore dismissed with prejudice.

#### 3. 42 U.S.C. § 1985(3)

To adequately plead a claim under 42 U.S.C. § 1985(3), Washington must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

Washington's Section 1985(3) claims fail because he has not adequately alleged a conspiracy. To do so, he would have to allege "an agreement or 'meeting of the minds' to violate his constitutional rights." Ward v. E.E.O.C., 719 F.2d 311, 314 (9th Cir. 1983). The FAC alleges

4

no facts suggesting such an agreement. See generally FAC ¶¶ 1–43.

Washington's opposition indicates that he could plead additional facts demonstrating a conspiracy if given leave to amend. Opp'n to OUSD Mot. at 4. The Court will therefore dismiss Washington's 42 U.S.C. § 1985(3) claims without prejudice. Because dismissal is warranted on these grounds, the Court need not consider OUSD's alternative arguments that Washington has failed to plead an underlying constitutional violation or that the individual defendants are protected by qualified immunity. OUSD MTD at 6–9.

### 4. Sovereign Immunity

The claims against OUSD itself must be dismissed for an additional reason: they are barred by sovereign immunity. The Ninth Circuit has recently held "that California school districts . . . remain arms of the state and continue to enjoy Eleventh Amendment immunity." Sato v. Orange Cty. Dep't of Educ., 861 F.3d 923, 934 (9th Cir. 2017). OUSD is therefore immune from suits for monetary damages or (contrary to Washington's argument, Opp'n at 4) injunctive relief. See id. at 928. Washington's claims against OUSD are dismissed with prejudice.

## B. Oakland's Motion to Dismiss

Oakland argues it should be dismissed "[b]ecause the City is not the employer of DOES 1-5 nor the OUSD officers allegedly involved, and because Plaintiff has alleged no other connection between the City and the events at issue." Oakland MTD at 1. As noted above, the FAC includes allegations against Oakland police officers and Oakland itself. See FAC ¶¶ 34–43. Oakland's motion to dismiss is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, OUSD's motion to dismiss is granted and Oakland's motion to dismiss is denied. Washington may file a Second Amended Complaint addressing the deficiencies identified in this order. Because amendment to Washington's claims against OUSD and under 18 U.S.C. § 241 would be futile, those claims are dismissed with prejudice and should not be included in any amended complaint. Any amended complaint must be filed within forty-five days of the filing of this order. If

Washington fails to file a Second Amended Complaint within forty-five days, OUSD and Oakland may file new motions to dismiss the First Amended Complaint.

**IT IS SO ORDERED.**

Dated: November 25, 2019



CHARLES R. BREYER
United States District Judge