IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEVETTE WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> OAKLAND UNIFIED SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No. 19-cv-01022-CRB <br><br> **ORDER GRANTING MOTIONS TO DISMISS AND GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

Oakland Unified School District ("OUSD") has renewed its initial motion to dismiss Jason Levette Washington's claims against OUSD and OUSD employees. Mr. Washington's First Amended Complaint ("FAC") alleges OUSD employees violated his constitutional rights by interfering with his religious expression outside of an OUSD school. The City of Oakland ("Oakland") has also moved to dismiss Mr. Washington's FAC, which alleges Oakland violated Mr. Washington's constitutional rights when two Oakland police officers issued a public nuisance citation as a result of Mr. Washington's religious organization's activities. Both motions, and Mr. Washington's motion for leave to file a SAC, are granted.

## I.   BACKGROUND

The morning of February 22, 2019, Mr. Washington arrived at Horace Mann Elementary to "do Christian-themed chalk art upon the public easement outside the school property." FAC (dkt. 40) ¶ 12. That morning, two groups of teachers said "disparaging things to" Mr. Washington. Id. ¶ 16. He also alleges that the defendant identified as "Doe

1" "verbally antagonize[d] and harass[ed]" him, id. ¶ 19, intentionally walked into him, id., kicked over a phone with which he was recording the incident, id. ¶ 23, and "propagat[ed] misinformation and claim[ed] [he] was painting on the sidewalk," id. ¶ 22.

    Similarly, Mr. Washington alleges that on August 7, 2019, employees of OUSD "verbally berate[d]" him by calling him "stupid" and erasing his chalk art from the sidewalk. Id. ¶¶ 26–30. Additionally, "from January to August 2019 OUSD Police Officers . . . would while on duty and in uniform, come and harass, question, interrogate, impede and interfere with [Mr. Washington] while he was engaged in . . . religious expression." Id. ¶ 31. In particular, Mr. Washington identifies a January 29, 2019 incident in which OUSD officers "threatened that if [Mr. Washington] did not depart, they would 'cite' him," accused him of spitting at their shoes, "question[ed] his Christianity," and "discourage[d] [Mr. Washington's] religious expression." Id. ¶¶ 32, 41. Mr. Washington also claims that he asked "the supervising officer over OUSD Police personnel . . . to stop these unconstitutional harassments" but that Sergeant Fregoso "neglected to do so." Id. ¶ 33.

    The FAC also alleges that Oakland violated Mr. Washington's constitutional rights. According to the FAC, two Oakland police officers "attempted to interrogate" Mr. Washington about who was attending a Team Jesus Youth Ministries event. Id. ¶¶ 34–39. Oakland later fined "him over $500 for what they alleged was [a] violation of a public nuisance ordinance" in connection with this incident. Id. ¶ 42.

    The Court granted OUSD's motion to dismiss with leave to amend and denied Oakland's motion to dismiss. See generally Order Granting OUSD MTD and Denying Oakland MTD (dkt. 42). OUSD subsequently renewed its initial motion to dismiss after Mr. Washington failed to file a Second Amended Complaint ("SAC"), and Oakland filed a new motion to dismiss the FAC. See generally OUSD's Renewed MTD (dkt. 44); Oakland MTD (dkt. 43). After two requests for extensions of time, see generally Mots. to Extend Time (dkts. 46, 49), which the Court granted, see generally Orders Granting Mots. to Extend Time (dkts. 47, 50), Mr. Washington opposed Oakland's motion and petitioned

to file a SAC.  See generally Opp'n to Oakland Mot. (dkt. 55); Mot. to File SAC (dkt. 56).  Both Oakland and OUSD oppose the motion to file a SAC.  See generally Oakland Opp'n (dkt. 58); OUSD Opp'n (dkt. 59).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678.  When evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

While these standards apply to all pleadings, a pro se complaint "is to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  If a court does dismiss a complaint for failure to state a claim, it "should liberally allow a party to amend its pleading."  Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)).  A court has discretion to deny "leave to amend only if there is strong evidence

3

of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment, etc.'" Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

The Court first addresses Oakland's motion to dismiss, then OUSD's renewed motion to dismiss, and finally Mr. Washington's motion for leave to file a Second Amended Complaint.

#### A. Oakland's Motion to Dismiss

Oakland asserts that Mr. Washington's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1986, various tort theories, and 18 U.S.C. §§ 241 and 242 all fail for a number of reasons. The Court considers each in turn.

##### 1. 42 U.S.C. § 1983

Local governing bodies can be sued directly under 42 U.S.C. § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 659 (1978). A local government cannot, however, be held liable under this section solely "on a respondeat superior theory." Id. For a local government entity to be liable under this section, the plaintiff must sufficiently allege "(1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which 'amount[ ] to deliberate indifference' to their constitutional rights; and (3) that these policies are the 'moving force behind the constitutional violation[s].'" Lee v. City of Los Angeles, 250 F.3d 668, 681–82 (9th Cir. 2001) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Monell 436 U.S. at 694.

4

To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing Washington v. Davis, 426 U.S. 229, 239–40 (1976)). And "[w]here the challenged governmental policy is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." Lee, 250 F.3d at 686 (citing Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264–66).

Mr. Washington asserts that his Fourteenth Amendment right to Equal Protection was violated, and the public nuisance citation was given "in response to his exercise of federally protected rights." FAC ¶ 40, 42; Opp'n to Oakland Mot. at 5. Mr. Washington fails to allege any additional facts sufficient to state a plausible claim that he was intentionally discriminated against on the basis of religion or that he was purposely treated differently from those similarly situated. See Hebbe v. Pliler, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); see also Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998) (§ 1983 equal protection claim must allege facts that are at least susceptible to an inference of intentional discrimination).

Although the Court has discretion to deny leave to amend under certain circumstances, Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013), Mr. Washington's 42 U.S.C. § 1983 claims are dismissed without prejudice as his opposition indicates that he could plead additional facts demonstrating intentional discrimination. Opp'n to Oakland Mot. at 5. Because dismissal is warranted on these grounds, the Court need not consider Oakland's argument that Mr. Washington failed to allege the remaining elements of municipal liability. Oakland MTD at 4–5.

### 2. 42 U.S.C. § 1986

A cause of action under 42 U.S.C. § 1986 requires "a valid claim for relief under section 1985." E.g., Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985). Because Mr. Washington did not plead a claim against Oakland under 42 U.S.C. §1985, see FAC ¶¶ 34–39, 42, the Court dismisses Mr. Washington's 42 U.S.C. § 1986 claims without prejudice.

### 3. Tort Claims

Under the California Government Tort Claims Act, a plaintiff may not bring a suit for "money or damages" against a public entity until a written claim has been presented to the entity and the claim either has been acted upon or is deemed to have been rejected. Cal. Gov't Code §§ 905, 910, 945.4; Santa Ana Police Officers Ass'n v. City of Santa Ana, 723 Fed. Appx. 399, 401 (9th Cir. 2018); see also Ramachandran v. City of Los Altos, 359 F. Supp. 3d 801, 816 (N.D. Cal. 2019).

With respect to Oakland's motion to dismiss, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004). Because the FAC does not include facts demonstrating that Mr. Washington presented his claim to Oakland or otherwise excusing compliance with this California law requirement, Mr. Washington's tort claims are dismissed. Mr. Washington is permitted to amend his pleading to allege additional facts demonstrating or excusing compliance with this requirement. Because dismissal is warranted on these grounds, the Court need not consider Oakland's remaining arguments that Mr. Washington has failed to allege a statutory basis for Oakland's liability or that he failed to plead facts that sufficiently support the elements of these claims. Oakland MTD at 6–7.

### 4. 18 U.S.C. §§ 241 and 242

Sections 241 and 242 are "criminal provisions . . . [that] provide no basis for civil liability." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Because amendment would be futile, Mr. Washington's claims under 18 U.S.C. § 241 and 18 U.S.C. § 242 are dismissed with prejudice.

### B. OUSD's Motion to Dismiss

Because Mr. Washington has not filed an amended complaint, the Court's previous Order dismissing the FAC's claims against OUSD remains applicable. See generally Order Granting OUSD MTD and Denying Oakland MTD. If Mr. Washington chooses to file a Second Amended Complaint, he may amend his 42 U.S.C. § 1985(3) claims against the defendant OUSD employees. His 18 U.S.C. § 241 claims are dismissed with prejudice for the reasons stated in the Court's prior Order dismissing the FAC.

### C. Mr. Washington's Motion for Leave to File a Second Amended Complaint

The Court interprets Mr. Washington's Petition for Formal Filing of Second Amended Complaint as a motion for leave to file a Second Amended Complaint. Oakland and OUSD both argue amendment would be futile because the claims Mr. Washington raised in his Opposition appear duplicative of claims in the FAC.[1] Oakland Opp'n at 3; OUSD Opp'n at 4. However, Mr. Washington's FAC did not have the benefit of the Court's prior ruling, and the fact that Mr. Washington raised previously-rejected arguments in his Opposition does not mean it is impossible that he will raise novel arguments and additional supporting facts in a SAC. Because it is not clear that amendment would be futile, Mr. Washington's request is granted. Leadsinger v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

---

1. Oakland and OUSD also both assert the present motion should be denied for failure to comply with Local Rule 10–1, which provides "[a]ny party filing or moving to file an amended complaint must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." Civ. L.R. 10–1. In light of Mr. Washington's pro se status, and the fact that he was previously granted leave to amend, the Court will consider his motion. See Moore v. Costco Wholesale Corp., No. 13-CV-04165-JD, 2014 WL 1998050, at *2 (N.D. Cal. May 13, 2014).

## IV. CONCLUSION

For the foregoing reasons, Oakland and OUSD's motions to dismiss are granted. Mr. Washington's request to file a Second Amended Complaint is also granted. Because amendment to Mr. Washington's claims under 18 U.S.C. §§ 241 and 242 would be futile, those claims are dismissed with prejudice and should not be included in any amended complaint. Any amended complaint should address the deficiencies identified in this Order and in the Court's previous Order and must be filed no later than 5:00 PM PDT on July 31, 2020. Failure to cure the deficiencies identified by the Court will result in a dismissal of Mr. Washington's claims with prejudice. See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court again recommends that Mr. Washington consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, California. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, California. Appointments can be made by calling (415) 782-8982 or by emailing the appointment line at fedpro@sfbar.org. Telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: June 24, 2020



CHARLES R. BREYER
United States District Judge